McGREGOR W. SCOTT
United States Attorney
ROSANNE L. RUST
CHRISTINA McCALL
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 19-CR-0126 MCE |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [PROPOSED] FINDINGS AND ORDER |
| v. | |
| JAZIZ CEA, | DATE: October 10, 2019 |
| Defendant. | TIME: 10:00 a.m. COURT: Hon. Morrison C. England, Jr. |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. This matter was previously set for an initial status conference on October 3, 2019. On the Court's own motion, the status conference was continued to October 10, 2019.

2. By this stipulation, defendant now moves to continue the initial status conference until October 31, 2019, and to exclude time between October 3, 2019, and October 31, 2019, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery already produced in this case includes: approximately six hours of recorded interviews; over 1,100 pages of documents, photographs and reports. Additionally, the electronic evidence (which contains contraband

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

material) in the case remains in the custody of the government but continues to be made available for defense inspection.

  b) Counsel for defendant desires the time between October 3, 2019 and October 31, 2019 to review discovery for this matter and consult with his client.

  c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  d) The government does not object to the continuance and agrees that counsel for the defendant needs additional time for effective preparation.

  e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

  f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of October 3, 2019 to October 31, 2019, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| Dated: October 1, 2019 | McGREGOR W. SCOTT<br>United States Attorney |
|---|---|
| | /s/ CHRISTINA McCALL<br>CHRISTINA McCALL<br>Assistant United States Attorney |
| Dated: October 1, 2019 | /s/ DOUGLAS BEEVERS<br>DOUGLAS BEEVERS<br>Counsel for Defendant<br>JAZIZ CEA |

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

**[PROPOSED] FINDINGS AND ORDER**

The Court has read and considered the Stipulation Regarding Excludable Time Period Pursuant to Speedy Trial Act, filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that provide good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; and (ii) failure to grant the continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.

Dated:

THE HONORABLE MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE