HEATHER E. WILLIAMS, Bar # 122664
Federal Defender
DOUGLAS J. BEEVERS, #288639
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone: 916.498.5700
douglas_beevers@fd.org

Attorney for Defendant
JAZIZ CEA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:19-cr-126 MCE |
| Plaintiff, | MOTION TO DISMISS COUNT ONE (Sixth Amendment/Fed. R. Crim. P. 7) |
| vs. | Date: October 31, 2019 |
| JAZIZ CEA, | Time: 10:00 a.m. |
| Defendant. | Judge: Hon. Morrison C. England, Jr. |

Defendant, JAZIZ CEA, by Heather E. Williams, Federal Defender, by Douglas J. Beevers, Assistant Federal Defender, hereby moves to dismiss Count One of the indictment in the above case for failing to allege all the elements of the alleged crime in violation of the Sixth Amendment and Fed. R. Crim. P. 7.

The Sixth Amendment gives defendants the right to be "informed of the nature and cause of the accusation" which must in an appreciable way apprise him of the charges so that he may prepare a defense. *Gautt v. Lewis*, 489 F.3d 993 (9th Cir. 2007). This right is implemented by Fed. R. Crim. P. 7 which requires that the indictment contain a written statement "of the essential facts constituting the offense charged. This indictment fails to allege any facts in Count One that could be considered substantial steps towards the production of child pornography. In addition, the indictment must set forth each element of the crime that it charges. *United States v. Resindez-Ponce*, 549 U.S. 102, 107 (2007). The Supreme Court has held that an indictment that merely

Motion to Dismiss Count One                                1

sets for the elements of the statute is generally sufficient if the words are accompanied by a statement of the facts and circumstances as will inform the accused of the specific offense coming under the general description with which he is charged. *Hamling v. United States*, 418 U.S. 87, 117-18 (1974).  In Mr. Cea's case the indictment merely states the statutory language, and describes the dates of the offense as being "between October 16, 2018 and continuing through on or about February 20, 2019." ECF 1.  Mr. Cea contends that since a date on or about has been interpreted as meaning any date within the statute of limitations, and the statute of limitations has been abolished for this crime, the date on or about is not a "statement of facts" as required by *Hamling, supra*.

   Mr. Cea's indictment also incorrectly describes the elements of attempted production of child pornography in violation of 18 U.S.C. §2251(e).  The indictment alleges that Mr. Cea "knew or had reason to know" the images would be transmitted using interstate commerce, which alleges commission of a general intent crime such as production of child pornography.  Attempted production of child pornography is a specific offense crime according to the reasoning in *United States v. Gracidas-Ulibarry*, 231 F.3d 1188 (9th Cir. 2000)(*en banc*)(holding attempted re-entry after deportation requires proof of commission of an overt act which was a substantial step towards commission of the crime).   In *United States v. Ramirez- Martinez*, 273 F.3d 903, 914 (9th Cir. 2001), the Ninth Circuit held that the crime of attempted transportation of aliens required proof of a conscious desire to transport an undocumented alien, although the crime of transportation of undocumented aliens can be committed with reckless disregard for the alien's undocumented status.   According to the reasoning in *Ramirez-Martinez*, attempted production of child pornography requires proof beyond a reasonable doubt that a defendant had the conscious desire that the illegal visual depictions would be transported using a means and

Motion to Dismiss Count One                                              2

facility of interstate and foreign commerce.  Since the indictment alleges only reckless awareness that interstate commerce would be used, it does not allege the elements correctly.

This element of conscious desire that the illegal depictions would be transported using a means of interstate and foreign commerce is a necessary element to ensure that Congress had the commerce clause power to criminalize attempted production of child pornography.  In order for attempted production of child pornography to be valid under the commerce clause it must fit one of the three jurisdictional categories: (1) the use of the channels of interstate commerce; (2) the instrumentalities of interstate commerce, or persons or things in interstate commerce; and (3) activities that substantially affect interstate commerce. *See Gonzales v. Raich*, 545U.S. 1, ––––, 125 S.Ct. 2195, 2205, 162 L.Ed.2d 1 (2005).   Since failed attempts to produce child pornography would not have an effect on interstate commerce, some proof of a conscious desire that the images travel by means of interstate commerce is necessary to ensure that the overt act is an activity which substantially affects interstate commerce.

Defense requests that the Court dismiss Count One.

Dated: October 2, 2019.                             Respectfully submitted,

                                                    HEATHER E. WILLIAMS
                                                    Federal Defender

                                                    */s/ Douglas J. Beevers*
                                                    DOUGLAS J. BEEVERS
                                                    Assistant Federal Defender
                                                    Attorney for Defendant JAZIZ CEA

Motion to Dismiss Count One                         3