McGREGOR W. SCOTT
United States Attorney
ROSANNE L. RUST
CHRISTINA McCALL
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JAZIZ CEA, <br><br> Defendant. | CASE NO. 19-CR-0126 MCE <br><br> OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT ONE OF THE INDICTMENT <br><br> DATE: October 31, 2019 <br> TIME: 10:00 a.m. <br> COURT: Hon. Morrison C. England, Jr. |

## INTRODUCTION

The Indictment in this case (Dkt. #1) alleges that the defendant, Jaziz Cea, attempted to produce child pornography (Count One) and possessed child pornography (Count Two). The investigation into this defendant arose out of a case in Houston, Texas, which revealed that in April, 2018, the defendant used Skype to chat with an investigative target in Texas. During that chat, the defendant wrote that he had performed certain sexual acts on a minor victim while the minor was asleep. In addition, the National Center for Missing and Exploited Children returned four CyberTipLine reports of apparent child pornography that were linked to the defendant's accounts. Two of these reports indicated that, while stationed in Qatar, the defendant attempted to upload a video depicting child pornography to Youtube.com with a title and description referencing a minor victim who is related to the defendant.

When executing a search warrant at the defendant's residence, law enforcement officers located

multiple videos constituting child pornography on his Chromebook laptop computer. Officers also located a "spyware" camera device that connected wirelessly to the defendant's iPhone. On the defendant's iPhone, officers located a surreptitious video recording that the defendant created using the "spyware" camera that depicts a minor changing clothes, from a camera angle that focused on the minor's waist area. During an interview on February 20, 2019, the defendant stated that he purchased the spyware camera a few months before the interview. The defendant said that he hid the spy camera in a minor's room and in a bathroom, hoping to capture minor females in the shower or changing [clothes].

The defendant now asks the Court to dismiss Count One of the Indictment. Although the Motion is not entirely clear, defendant appears to argue: (1) the Indictment does not allege facts in Count One that could be considered substantial steps toward the production of child pornography; (2) the four-month date range of the offense alleged in Count One is not a sufficient statement of facts for an indictment; and (3) the Indictment is missing what defendant characterizes as an "element of conscious desire that the illegal depictions would be transported using a means of interstate and foreign commerce." Dkt. #14 at 3. Beyond citing *Hamling v. United States*, 418 U.S. 87, 117-18 (1974) for the general test for the sufficiency of an indictment, the defendant does not cite to any direct Circuit court precedent (in the Ninth Circuit or elsewhere) in support of these arguments. For the reasons set forth in detail below, the United States respectfully requests that the Court deny the defendant's motion to dismiss the indictment.

## ARGUMENT

The defendant's Motion should be denied in light of Ninth Circuit and Supreme Court precedent. First, for the crime of attempted production of child pornography, an indictment is facially sufficient when it tracks the language of 18 U.S.C. § 2251(a) and (e), and does not need to allege which acts are substantial steps toward the completion of a crime. Second, the Indictment properly alleges an approximately four-month date range for the attempted production of child pornography, and fairly informs the defendant of the charge against which he must defend. Third, the Ninth Circuit, and the other circuit courts to have addressed this issue, have clearly held that "§ 2251(a) does not require knowledge as to the interstate nature of the crime" when the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce.

*United States v. Sheldon*, 755 F.3d 1047, 1050 (9th Cir. 2014) (cert. denied by *Sheldon v. United States*, 135 S. Ct. 203 (U.S. 2014)). *See also United States v. Terrell*, 700 F.3d 755, 759 (5th Cir. 2012) and *United States v. Smith*, 459 F.3d 1276, 1289 (11th Cir. 2006).

### A. Count One of the Indictment Is Facially Valid Because It Uses the Language of the Statute and Contains the Essential Elements of the Offense

#### 1. The Indictment Tracks the Language of the Statute

"An indictment must provide the essential facts necessary to apprise a defendant of the crime charged; it need not specify the theories or evidence upon which the government will rely to prove those facts." *United States v. Mancuso*, 718 F.3d 780, 780 (9th Cir. 2013) (quoting *United States v. Cochrane*, 985 F.2d 1027, 1031 (9th Cir. 1993)).

Federal Rule of Criminal Procedure 7(c) sets forth the minimal "notice" pleading standard required in federal criminal cases. Under this rule, an indictment must 1) contain a "plain, concise and definite written statement of the essential facts constituting the offense charged" and 2) "give the official or customary citation of the statute ... that the Defendant is alleged to have violated." Fed. R.Crim.P. 7(c).

"An indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Id*. (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)).

In this case, the Indictment simply alleges the offense using the words of the statute itself, and is therefore facially valid. (Dkt. #1.) A pre-trial motion to dismiss an indictment cannot be brought to challenge the merits of the case and "cannot be used as a device for a summary trial of the evidence." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (quoting *United States v. Marra*, 481 F.2d 1196, 1199-1200 (6th Cir. 1973)). In the pre-trial motion context, a court must accept the allegations in the Indictment as true. *See United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) ("In ruling on a

pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment.").

2. The Indictment Alleges the Essential Elements of the Offense

Count One of the Indictment tracks the language from the statute and sets forth the elements of a violation of 18 U.S.C. §§ 2251(a) and (e), which is proper and adequate for the purposes of an indictment. *See United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995) (concluding that alleging the statutory language alone "is quite common and entirely permissible so long as the statute sets forth fully, directly, and clearly all essential elements of the crime to be punished.") (internal quotations and citation omitted).

The elements of attempting to sexually exploit a child, in violation of 18 U.S.C. § 2251(a) and (e), are: (1) the defendant believed during the time period alleged in the indictment that the child named in the indictment was under the age of eighteen; (2) the defendant attempted to use, persuade, induce, entice, or coerce that child to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2); (3) the defendant voluntarily and intentionally engaged in this behavior for the purpose of producing a visual depiction of such conduct; and [for one of the interstate commerce jurisdictional requirements] (4) the materials used to attempt to produce the visual depiction were mailed, shipped, or transported, including by computer, in interstate or foreign commerce. *United States v. Schwarte*, 645 F.3d 1022, 1030 (8th Cir. 2011). A conviction for attempted sexual exploitation of a minor under § 2251(a) requires proof that the defendant took a substantial step toward commission of the offense. *Schwarte*, 645 F.3d at 1030. *See also* Ninth Circuit Model Criminal Jury Instructions 8.181 and 5.3.

Even in the 8 U.S.C. § 1326 context, from which the defendant borrows to support his arguments, there is no requirement that an attempt detail substantial steps taken toward completing the offense. In *United States v. Resendiz-Ponce*, the Supreme Court held that an indictment simply alleging the defendant "attempted to" violate 8 U.S.C. § 1326, without alleging any specific overt act that was a substantial step toward the completion of the crime, was sufficient to plead an attempt crime under Federal Rule of Criminal Procedure 7(c)(1). 549 U.S. 102, 105-10 (2007). The Supreme Court recognized that "[w]hile detailed allegations might well have been required under common-law pleading

rules . . . they surely are not contemplated by Rule 7(c)(1), which provides that an indictment 'shall be a plain, concise, and definite statement of the essential facts constituting the offense charged.'" *Id*. at 110. Because Count One of the Indictment in this case fully complies with Rule 7 and does not deprive the defendant of any significant protection that the constitutional guarantee of a grand jury was intended to confer, the defendant's motion to dismiss Count One of the Indictment should be denied.

**B.    Count One of the Indictment Sufficiently Alleges a Specific Date Range for the Offense of Attempted Production of Child Pornography**

Count One of the Indictment alleges that defendant's offense of attempted production of child pornography took place "between October 16, 2018 and continuing through on or about February 20, 2019." The defendant argues that such a specified date range is insufficient under *Hamling v. United States*. This argument fails because, in the circumstances of this case, a four-month specified date range is appropriately limited and fairly informs the defendant of the charge against which he must defend, and enables him to bar future prosecutions for the same offense. As a threshold matter under Rule 7, the Indictment properly alleges that the date of the offense occurred within the statute of limitation. 18 U.S.C. § 3299 imposes no statute of limitations for any felony offense under Chapter 110, which includes 18 U.S.C. § 2251

"Use of the term 'on or about' does not open the time frame indefinitely" and instead "at most opens the time frame by one or two days" from the specific date. *United States v. McCown*, 711 F.2d 1441, 1450 (9th Cir. 1983)); *see also United States v. Zepeda-Martinez*, 470 F.3d 909, 912 (n. 1) (9th Cir. 2006). Therefore, the Indictment properly alleges that the defendant attempted to create child pornography in the specified four-month period. By including the date range, the defendant is given adequate notice of the offense conduct, consistent with the *Hamling* test.

**C.    18 U.S.C. § 2251(a) Does Not Require the Government to Prove the Defendant's Knowledge of the Interstate Nature of the Materials Used to Attempt to Produce the Sexually Explicit Depictions**

With respect to the interstate nature of the crime of sexual exploitation of children under 18 U.S.C. 2251(a), the statute provides:

> . . . if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce

> or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

The defendant argues that "the indictment alleges only reckless awareness that interstate commerce would be used, it does not allege the elements correctly." Dkt. # 14 at 3. This attempt to import the "knows or has reason to know" mental state for the first clause of the interstate commerce section of the statute into the remaining jurisdictional clauses has failed in the Ninth Circuit, and in the other circuit courts to have analyzed the issue.

The Ninth Circuit's Model Criminal Jury Instruction 8.181 sets out multiple ways that the government can prove the interstate commerce element:

> Third,
>
> [the defendant knew or had reason to know that the visual depiction would be mailed or transported across state lines or in foreign commerce.] or
>
> [the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce.] or
>
> [the visual depiction was mailed or actually transported across state lines or in foreign commerce.] or
>
> [the visual depiction affected interstate commerce.]

The Comment to Model Instruction 8.181 provides: "The third element of the instruction reflects § 2251(a)'s three alternative grounds for federal jurisdiction. Only the first of the three grounds requires a particular mental state of the defendant. The "knows or has reason to know" language from the statute's first jurisdictional clause does not impute a knowledge requirement to the other two clauses. *United States v. Sheldon*, 755 F.3d 1047 (9th Cir. 2014) (testimony at trial that video recorder used in Montana was manufactured in China sufficient to satisfy jurisdictional element of § 2251(a)).

For the interstate commerce element, Count One of the instant Indictment alleges that the defendant:

> knowingly and intentionally attempt[ed] to attempt to employ, use, persuade, induce, entice, and coerce a minor, "Juvenile Victim 1," to engage in sexually explicit conduct . . ., for the purpose of producing a visual depiction of such conduct, <u>knowing and having reason to believe that the visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and</u>

<u>foreign commerce, and such visual depictions were produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.</u>

Dkt. #1 (emphasis added).

It is well established that where a statute may be violated by multiple means, the government may charge the statutory alternatives in the conjunctive. *See United States v. Gunter*, 546 F.2d 861, 868-69 (10th Cir. 1976); *United States v. Tykarsky*, 446 F.3d 458, 474 (3rd Cir. 2006); *United States v. Brandon*, 298 F.3d 307, 314 (4th Cir. 2002).

In *United States v. Sheldon*, the defendant argued that the government was required to prove that he knew the materials used to produce the child pornography had traveled in interstate commerce. 755 F.3d 1047 at 1049. The Ninth Circuit rejected Sheldon's argument, finding that it "fails under the plain language of the statute." *Id.* The *Sheldon* decision broke up the text of Section 2251(a) and found that "the first clause of the statute defines the crime, and the three remaining clauses define interstate or foreign commerce elements that justify federal jurisdiction over the crime." *Id.* at 1049-51. The Ninth Circuit clarified that the language "knows or has reason to know" only applies to the first jurisdiction clause and does not impute a knowledge requirement to the other two jurisdiction clauses, because the three clauses are independent alternatives. *Id.* at 1050. In *Sheldon*, the court stated: "We agree with the other circuit courts that have previously considered this issue. Both the Fifth and Eleventh Circuits have held that 2251(a) does not require knowledge as to the interstate nature of the crime." *Id*. (citing *United States v. Terrell*, 700 F.3d 755, 759 (5th Cir. 2012) and *United States v. Smith*, 459 F.3d 1276, 1289 (11th Cir. 2006)).

The allegations in the Indictment in this case, stated in the conjunctive, sufficiently allege the three means by which the interstate element of the statute may be proven. Therefore, the allegations in Count One are facially sufficient and this Court should deny the motion to dismiss.

**D.     <u>At Most, the Court Should Construe the Motion to Dismiss as a Motion for a Bill of Particulars</u>**

The defendant's Motion to dismiss the indictment could be construed as a motion for a bill of particulars. "The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the Court permits." Fed. R. Crim. P. 7(f). An indictment that complies

with Rule 7(c), but is nonetheless "insufficient to permit the preparation of an adequate defense," may be supplemented with a bill of particulars. *United States v. Rigas*, 490 F.3d 208, 237 (2d Cir. 2007).

"In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government. Full disclosure will obviate the need for a bill of particulars." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). For example, the Ninth Circuit has written that "if appellant felt unable to defend, or to prepare himself for trial because of lack of information as to the accusation against him, his remedy was a motion for a bill of particulars." *Lawrence v. United States*, 162 F.2d 156, 158 (9th Cir. 1947).

In this case, the government has produced a significant amount of discovery (primarily pursuant to a protective stipulation and order), and continues to make material subject to 18 U.S.C. § 3509(m) available for defense counsel's review. That disclosure of evidence, and continuing access to the 3509(m) evidence, obviates the need for a bill of particulars. Notably, "a defendant is not entitled to know all the evidence the government intends to produce but only the theory of the government's case." *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986). The government maintains that the disclosures made to the defendant obviate the need for a bill of particulars. However, if ordered to file a bill of particulars, the United States will do so.

## **CONCLUSION**

For the reasons stated above, namely because Count One mirrors the language of the statute and contains the essential elements of the offense, and because 18 U.S.C. § 2251(a) does not require the government to prove the defendant's knowledge of the interstate nature of the materials used to attempt to produce the sexually explicit depictions, this Court should deny the defendant's motion to dismiss the Indictment.

Respectfully submitted,

Dated: October 9, 2019

McGREGOR W. SCOTT
United States Attorney

/s/ CHRISTINA McCALL
CHRISTINA McCALL
Assistant United States Attorney

GOV'T OPPOS. TO MOT. TO DISMISS      8