HEATHER E. WILLIAMS, Bar # 122664
Federal Defender
DOUGLAS BEEVERS, #288639
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Telephone: 916.498.5700
douglas_beevers@fd.org

Attorney for Defendant
JAZIZ CEA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case №:2:19-CR-126 MCE |
| Plaintiff, | **REPLY IN SUPPORT OF MOTION TO DISMISS COUNT I** |
| vs. | **(Sixth Amendment/Fed. R. Crim. P. 7)** |
| JAZIZ CEA, | **Date:  to be set** |
| Defendant. | **Time:  10:00 a.m.** |
| | **Judge Hon. Morrison C. England, Jr.** |
| | **No Interpreter Case** |

    Defendant, JAZIZ CEA, by Heather E. Williams, Federal Defender, by Douglas Beevers, Assistant Federal Defender, hereby submits his reply in support of his motion to dismiss.  In its opposition, the Government argues that the Motion to dismiss should be treated as a motion for a bill of particulars.  Defense agrees that treating the motion as a bill of particulars would resolve the majority of Defendant's concerns.  The Government's opposition suggests that the particulars are a surreptitious camera was placed and recorded a minor but the recording failed to result in any child pornography.  A bill of particulars including such detail would be sufficient to give notice regarding the substantial step issue.

    A bill of particulars would not resolve the issue of whether the crime of attempted production of child pornography requires the Government to prove that the defendant attempted to produced child pornography and intended that it would be transmitted in interstate commerce

CEA: Reply in Support of
Motion to Dismiss Count One                         1

or as charged here in the indictment attempted to produce child pornography having reason to believe it would be transmitted in interstate commerce. ECF 1. The Government correctly points out that where a defendant is charged with completed production of child pornography the Government must prove knowing production and a lesser *mens rea* for the jurisdictional elements. *United States v. Sheldon*, 755 F.3d 1047 (9th Cir. 2014). However, *Sheldon* did not address whether the analysis is different for attempted production which the Government concedes requires a specific intent for the non-jurisdictional elements. *See United States v. Ramirez- Martinez*, 273 F.3d 903, 914 (9th Cir. 2001). *Sheldon* did hold that no *mens rea* was required to prove jurisdiction based on where the device was made, but *Sheldon* did not address CEA's constitutional argument that the attempt statute would violate the commerce clause if no *mens rea* was required.

According to the Ninth Circuit model jury instruction 5.3, attempt requires the Government to prove "the defendant intended to [specify elements of the crime charged].

5.3 ATTEMPT

First, the **defendant intended to [specify elements of crime charged];** and Second, the defendant did something that was a substantial step toward committing the crime and that strongly corroborated the defendant's intent to commit the crime. Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances. (Emphasis added).

9th Circuit Model instruction 5.3. Since the jury must be instructed that the defendant intended that all the elements of the crime must occur, attempted production of child pornography requires that the Government prove that the defendant intended that the jurisdictional elements occur – even though those jurisdictional elements would not have a mens rea for the completed crime.

CEA: Reply in Support of
Motion to Dismiss Count One                    2

Defense requests that the Court dismiss Count One, and requests the Court order a bill of particulars.

SUBMITTED: October 25, 2019.

        HEATHER E. WILLIAMS
        Federal Defender

        */s/ Douglas Beevers*
        DOUGLAS BEEVERS
        Assistant Federal Defender
        Attorney for Defendant