1  HEATHER E. WILLIAMS, Bar # 122664
Federal Defender
2  DOUGLAS BEEVERS, #288639
Assistant Federal Defender
3  801 I Street, 3rd Floor
Sacramento, CA  95814
4  Telephone: 916.498.5700
douglas_beevers@fd.org
5
Attorney for Defendant
6  JAZIZ CEA

7              IN THE UNITED STATES DISTRICT COURT

8          FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10  UNITED STATES OF AMERICA,      )      Case №:2:19-CR-00126-MCE
                                   )
          Plaintiff,               )      **DEFENDANT'S TRIAL BRIEF**
11                                 )
       vs.                         )       **Date:  March 16, 2020**
12                                 )      **Time:  9:00 a.m.**
   JAZIZ CEA,                      )      **Judge  Hon. William B. Shubb**
13                                 )
          Defendant.               )      **No Interpreter Case**
14                                 )

15

16       Defendant, JAZIZ CEA, by Federal Defender Heather E. Williams and Assistant Federal

17  Defender Douglas Beevers, submit the following trial brief to assist the Court at trial.

18       Defendant is charged with attempted production of child pornography under 18 U.S.C.

19  §2251, for secretly making a videotape of a 9-year old by means of a camera which was hidden

20  in her bedroom on the night of October 16, 2018.

21

22       **I.      Undisputed Facts**

23       In October 2018, Mr. Cea lived in his father's house in Galt and his room was across the

24  hallway from the room where the alleged victim was living.   On February 20, 2019, law

25  enforcement officers executed a search warrant and seized Mr. Cea's computer, iPhone and a

26  spyware camera.  In a four-hour confession on February 20, 2019, Mr. Cea admitted (1) that was

27  in possession of child pornography videos, (2) that he was sexually attracted to minors (including

28

Cea: Trial Brief                    1

the alleged victim in count 1 when she was age 8), (3) that he had groped the legs of several

minor females without their consent while they were asleep, (including the alleged victim in

count 1), (4) that he had hidden a spy camera in the alleged victim's bedroom, and (5) that he

was trying to capture pictures of her legs possibly in her underwear. An excerpt of the confession

is attached as Exhibit A.  In his guilty plea, Mr. Cea admitted possession of a set of child

pornography videos in which the victims were under age 12.

## II.    Legal Issue for Trial in this Case

To convict under these facts the Government will need to convince a jury that when

hiding the camera Mr. Cea intended to "use" the victim to "take part in sexually explicit

conduct" which is defined as the "lascivious exhibition of the genitals or pubic area of any

person." 18 U.S.C. §2255(2); See also Ninth Circuit pattern instructions 5.3 (Attempt) and 8.181.

> First, at the time, [name of victim] was under the age of eighteen years;
> Second, the defendant [[employed] [used] [persuaded] [coerced] [name of victim]
> to take part in sexually explicit conduct] . .. .  for the purpose of producing a
> visual depiction of such conduct; and . . . .Third (interstate commerce).

Ninth Cir. Pattern 8.181 (Sexual Exploitation of Child: 18 U.S.C. §2251(a).

The statute defines "sexually explicit conduct" as "actual or simulated— (A)

sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal,

whether between persons of the same or opposite sex; (B) bestiality; (C) masturbation;

(D) sadistic or masochistic; abuse; or (E) lascivious exhibition of the genitals or pubic

area of any person. 18 U.S.C. §2255(2).

Since there is no evidence whatsoever that the 9-year old victim was likely to engage in

any sexual activity herself in her locked bedroom, the only sexually explicit conduct which could

have occurred on the video would be the "lascivious exhibition of the genitals or pubic area." 18

U.S.C. §2255(2).  Since the evidence in undisputed that she was not aware of the video, the only

possible manner for this video to have produced child pornography is through the placement of

the video with intent that the video would capture images of the "exhibition of the genital or

pubic area" which are deemed lascivious under the *Dost* factors. *See United States v. Dost*, 636

F.Supp. 828, 832 (S.D.Cal.,1986), affirmed as *United States v. Weigand*, 812 F.2d 1239 (9th Cir.

1987).  In  *Dost* the district judge held that the fact-finder should look at the following facts to

determine whether there was a "lascivious exhibition of the genitals or pubic area" among any

others that may be relevant in the particular case:

> 1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;
> 2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
> 3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
> 4) whether the child is fully or partially clothed, or nude;
> 5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;
> 6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*United States v. Dost*, 636 F.Supp. 828, 832 (S.D.Cal.,1986), affirmed as *United States v.*

*Weigand*, 812 F.2d 1239 (9th Cir. 1987).  The Third Circuit has adopted the *Dost* factors but held

that there must be more than one factor present in order to establish 'lasciviousness" but all six

factors do not need to be present. *United States v. Villard*, 885 F.2d 117, 122 (3d Cir.1989).

Since the Government can only convict if it proves Mr. Cea planted the camera with the

specific intent to capture a lascivious exhibition of the victim's genitals the Government will

need to present evidence of as many of the *Dost* factors as possible.  *Dost* factors 2, 3 and 5 will

clearly not be in play.  There will be no evidence that the 9-year old victim while alone in her

room would have adopted facial expressions suggesting sexual coyness or willingness to engage

in sexual activity, or any evidence to suggest that she would adopt an unnatural or sexual pose or

wear inappropriate attire.  Although a bedroom may be associated with sexual activity, the

camera angle for this video was directed at the desk and a person in the bed would not be visible

from this angle.  *Dost* factor 1, will not be a serious consideration, because the camera was

Cea: Trial Brief                                     3

1   several feet away and was set to take images of either the leg up close or the entire body when

2   the victim walked past or sat at her desk.

3       The key issue for this trial will be *Dost* factors 4 and 6, whether Mr. Cea intended to

4

5   capture images of the victim while "partially clothed or nude," and whether he intended the

6   image to" elicit a sexual response."  Defense does not intend to dispute *Dost* factor 6, because

7   Mr. Cea has already confessed that he hid the camera with the intent to capture an image of

8   victim's leg and maybe in her underwear.  Defense contends that using a hidden camera in the

9   hope of obtaining a picture of a minor in her underwear – even if the picture "is intended or

10

11   designed to elicit a sexual response in the viewer" is not the attempted production of child

12   pornography, because there is no intent to create a "lascivious exhibition of the genitals or pubic

13   area" as required by 18 U.S.C. §2251(a).

14       Since Defense does not intend to dispute Mr. Cea's attraction to minors and his specific

15   sexual attraction to the alleged victim, the only issue seriously in dispute in this case is whether

16   Mr. Cea intended that the victim would disrobe entirely in view of the camera.

17   **III.    Evidence Issues**

18
19       Defense will seek to introduce the testimony of persons who lived in the house to testify

20   to where the victim's furniture was at the time and where she kept her clothing.  This will be

21   relevant to show that it was very unlikely that the victim would ever be naked in the part of the

22   room where the camera was focused.  These witnesses will authenticate photographs of the

23   room, and diagrams, as fair and accurate representations of how the room looked on October 16,

24   2018.  Although some of the photographs were taken by law enforcement officers and others by

25   defense investigators the witnesses will be testifying to the condition of the room several months

26
27   before the search.

28

Cea: Trial Brief                    4

Defendant will seek to introduce the testimony of two physicians who treated Mr. Cea and diagnosed him as having unspecified psychosis and anxiety disorder.  This testimony is relevant, because the case is about whether the Government can prove what Mr. Cea was thinking on October 16, 2018, and his psychiatric problems are relevant to show that it is difficult to know what a person with psychosis is thinking or what his specific motivations are. If Mr. Cea testifies, the psychiatric diagnosis is relevant to explain his strange demeanor and possible testimony regarding hallucinations. If Mr. Cea chooses not to testify, the evidence is relevant to weaken the reliability of some extreme statements in his confession.

Mr. Cea will also seek to introduce the testimony of two individuals to whom he confessed his problem with child pornography.  This testimony is relevant to show that he recognized his problem and was trying to resist acting on his attraction to minors.  This fact is relevant, because it makes it more likely that Mr. Cea was not trying to take a naked image of a minor but was only trying to take an image of a minor in her underwear. The evidence that Mr. Cea stopped using the hidden camera after one day and did not use it again or over three months supports a finding that Mr. Cea's intent was conflicted and probably limited.

Mr. Cea will seek to introduce testimony to show that witnesses observed him in possession of suspiciously sexual images of the legs of minors who were clothed.  This is relevant to show Mr. Cea may have had an intent only to obtain images of the victim's bare legs, but not genitals.

The Government is seeking to introduce evidence to prove Mr. Cea is sexually attracted to minors such as this minor.  The Government is seeking to actually show the child pornography to the jury.  Actually showing the child pornography is likely to make the jury convict on emotion not on the law.  The actual video is cumulative evidence under Fed. R. 403, because the Government has Mr. Cea's confession to the sexual attraction and the making of the video, and

Cea: Trial Brief                                        5

his confession in his plea hearing to possessing the videos with specific descriptions. Other than unfair prejudice there is no relevance to showing hard-core child pornography to a jury merely to show Mr. Cea intended his video to elicit a sexual response. If Mr. Cea were to testify and deny sexual attraction to the victim or to young children, the Court could reconsider playing the video.

The Government is also seeking to introduce evidence of how Mr. Cea obtained child pornography from the "dark-web." This is also not relevant to whether Mr. Cea intended to obtain naked images or underwear images. The Government's discovery shows that Mr. Cea obtained child pornography from the dark web by uploading videotapes of actual sex that appear involve young females who might not be under age 18. Some of these videotapes appear to be commercially available legal pornography. This alleged distribution has no relevance to the issues in this case, and it could deter the defendant from testifying, because he could still be charged with distribution of child pornography in Qatar or in the U.S. Military jurisdiction.

The Government is also seeking to introduce Mr. Cea's chat logs where he attached a photograph of a sleeping minor guest sleeping on the floor, but this is not relevant to show anything about this case, because the picture was fully clothed.

The Government has sought to introduce Mr. Cea's artwork and stories which include pedophilic and cannibalistic themes. This evidence is cumulative under Rule 403 as to pedophilia, and completely irrelevant as to the cannibalism.

More troubling is the Government's intent to introduce Mr. Cea's internet searches for information on the date rape drug and sleeping pills which have no relevance to the charged incident involving the camera. There is no evidence he ever took any steps to obtain date rape drugs or sleeping pills prior to planting the spy camera. This evidence would likely confuse the jury because although it is inflammatory it actually shows that Mr. Cea knew sexual activity

Cea: Trial Brief                                  6

1    would not occur in that room on October 16, 2018, and it creates the possibility that the jury

2    would convict based on mere fantasy of sexual abuse without evidence of any substantial step.

3            Defense agrees that Mr. Cea's conduct towards the specific alleged victim in count 1 is

4

5    relevant to show his intent.  His conduct to other minors which occurred in the same residence is

6    not directly relevant, but to the extent in involved picture taking is relevant.  The fact that

7    Defendant was in possession of child pornography involving minors the same age is relevant, but

8    actually viewing the images is cumulative under Fed. R. 403 when the Government has his

9    confession to the sexual interest and the possession of the images.

10    SUBMITTED: March 2, 2020              HEATHER E. WILLIAMS
                                          Federal Defender
11

12                                        */s/ Douglas Beevers*
                                          DOUGLAS BEEVERS
13                                        Assistant Federal Defender
                                          Attorney for Defendant
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Cea: Trial Brief                              7