HEATHER E. WILLIAMS, Bar # 122664
Federal Defender
DOUGLAS BEEVERS, #288639
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Telephone: 916.498.5700
douglas_beevers@fd.org

Attorney for Defendant
JAZIZ CEA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case №:2:19-CR-126 MCE |
| | ) | |
| Plaintiff, | ) | **FORMAL OBJECTION TO THE PRE-SENTENCE REPORT** |
| | ) | |
| vs. | ) | |
| | ) | |
| JAZIZ CEA, | ) | **Date:  January 27, 2022** |
| | ) | **Time:  9:30 a.m.** |
| Defendant. | ) | **Judge Hon. Troy L. Nunley,** |
| | ) | |
| | | **No Interpreter Case** |

        Defendant, JAZIZ CEA, by Heather E. Williams, Federal Defender, by Douglas Beevers,

Assistant Federal Defender, raises the following formal objections to the pre-sentence report.

        Paragraph 42: Defendant objects to this paragraph, because the specific video involving a

9-year old victim does not depict any "sadistic, masochistic, or violent conduct" other than what

is covered by the enhancement in paragraph 40 which applies if any victims were age 11 or

under.  However, this §2G2.2(b)(4) enhancement should be applied because the video described

in paragraph 45 depicts masochistic conduct involving a toddler victim.  This enhancement

applies "if the offense involved material that portrays (A) sadistic or masochistic conduct or

other depictions of violence or (B) the sexual abuse or exploitation of an infant or toddler,

increase by 4 levels." USSG §2G2.2(b)(4).  As the parties stipulated in the plea agreement this

enhancement applies.

CEA: Formal Objections                    1

II. Paragraph 45.  Defense object to the application of the vulnerable victim enhancement, because the Government cannot show this victim was unusually vulnerable because of a factor that is not incorporated into the offense guideline which after 2016 now expressly incorporates a +2 enhancement for prepubescent victims and a +4 enhancement for  infant/toddler victims.

According to the Sentencing Commission's Commentary to the vulnerable victim enhancement:

> Do not apply subsection (b)(if defendant knew or should have known that a victim was a vulnerable victim) if the factor that makes the victim a vulnerable victim is incorporated into the offense guideline.  For example, if the offense guideline provides an enhancement for the age of the victim this subjection would not be applied unless the victim was unusually vulnerable for reasons unrelated to age.

U.S.S.G. §3A1.1 note 2.  Based on this note, the Court cannot rely on age of the victim, because there is already a +2 level enhancement that is mandatory if the victim is under age 12 (§2G2.2(b)(1) and a mandatory +4 level enhancement if the victim is a toddler or infant §2G2.2(b)(4)(B).

Until 2016, § 2G2.2(b)(4) covered only material that depicted "sadistic or masochistic conduct or other depictions of violence." In 2016, the Sentencing Commission amended that enhancement to include material that depicted "sexual abuse or exploitation of an infant or toddler." It did so to resolve a circuit split over whether the "vulnerable victim" enhancement in § 3A1.1(b) applied to victims who were vulnerable only because they were very young (i.e., infants or toddlers). Rather than amend § 3A1.1(b), though, the Commission amended § 2G2.2(b)(4) to cover infants and toddlers. See generally U.S.S.G. supp. to app. C, amend. 801, at 133–35. The new provision states: "If the offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence; or (B) sexual abuse or exploitation of an infant or toddler, increase by 4 levels." U.S.S.G. § 2G2.2(b)(4). The Commission also added commentary that instructs: "If subsection (b)(4)(b) applies, do not apply § 3A1.1(b)." Id. cmt.

n.4.  As explained by the Commission, the new amendment was designed to resolve the circuit

split between the Ninth Circuit and Fourth Circuit.  This guideline now expressly incorporated

toddler status in the guideline and therefore overrules any prior authority which allowed the use

of the vulnerable victim enhancement based on toddler status.  (See attached Published

explanation for the amendment pages 9-10).

Even if this victim was unusually vulnerable for a reason other than age, the vulnerable

victim enhancement cannot be applied unless the Government puts on evidence to show Mr. Cea

actually knew or should have known of the non-age related vulnerability.  Nothing in the pre-

sentence report shows that Mr. Cea actually saw this video which is required to support the

vulnerable victim enhancement's "should have known" mental state.  Defense notes that the +4

enhancement in §2G2.2(b)(4) has no mental state and applies regardless of whether the

defendant should have known of the victim's age.

III. Paragraph 110. Defendant objects to any determination that he is not indigent.

Although he has a few thousand dollars, he is liable for more restitution than all of his assets,

therefore indigency must be assessed at his present date, not some future date when his

psychiatric condition may have exacerbated. The JVTA uses the term "indigent" without

defining it, but when Congress uses a word it is deemed to have adopted the definition of the

same word as used in other statutes and case law.   The Supreme Court has frequently examined

the rights of "indigent" defendants. *See Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814 (1963)

(indigent entitled to counsel on first direct appeal); *Roberts v. LaVallee*, 389 U.S. 40 (1967)

(indigent entitled to free transcript of preliminary hearing for use at trial); *Mayer v. Chicago*, 404

U.S. 189, 92 S.Ct. 410 (1971) (indigent cannot be denied an adequate record to appeal a

conviction under a fine-only statute); *Williams v. Illinois,* 399 U.S. 235, 90 S.Ct. 2018 (1970),

that a State cannot subject a certain class of convicted defendants to a period of imprisonment

beyond the statutory maximum solely because they are too poor to pay the fine. In *Tate v. Short*, 401 U.S. 395, 9 (1971), which held that a State cannot convert a fine imposed under a fine-only statute into a jail term solely because the defendant is indigent and cannot immediately pay the fine in full.  The Supreme Court held that the Constitution prohibits punishing an indigent person who is unable to pay a fine despite bona fide efforts.  *Bearden v. Georgia,* 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983).  In *Bearden*, the Supreme Court used the term "indigent" to mean "a defendant who indigent and cannot immediately pay a the fine in full."  The Supreme Court has held defendants who are "indigent" may still be ordered to reimburse costs of prosecution if the court decides that the indigent person will escape indigency int the future. *Fuller v. Oregon*, 417 U.S. 40, (1974).  It is clear from Fuller that a person who is not able to pay a cost on the date of sentencing but probably will in some future time was still an "indigent" person as the Supreme Court used the term. Relying on *Fuller*, several appellate courts held that the $100 assessment in 18 U.S.C. §3013 was constitutionally valid even for indigent persons. *United States v. Pagan*, 785 F.2d 378, (2d Cir. 1986).  However, when Congress passed 18 U.S.C. §3014 it chose to expressly exempt "indigent" defendant although they were not exempted from the $100 assessment.  The Ninth Circuit has held that when Congress uses a word such as "attempt" which has a common law meaning |Congress is assumed to have intended that definition to apply. *United States v. Gracidas-Ulibarry,* 231 F.3d 1188, 1192 (9th Cir. 2000).  Since Mr. Cea is currently indigent as he is unable to pay the entire $15,000 assessment, he must be an "indigent" person under 18 U.S.C. §3014 who is exempt from the assessment.

IV. Paragraph 113: Defense contends the guideline range is offense level 34 for a range of 151-188 month.

1

2

V. Paragraph 122. Defense objects to any finding that he is not indigent. He is liable for

$5000 in restitution, therefore he does not have funds available to pay an additional $15,000 in

3

special assessments. Given Mr. Cea's psychiatric condition he is not certain to have the ability

4

to earn money in prison or after.

5

6

VI. Paragraph 123. Defendant objects to the application of the 2018 Amy, Vicky and

7

Andy Child Pornography Victim Assistance Act under the ex post facto clause as most of his

8

conduct was committed before the effective date of that Act. Defense agrees that the restitution

9

of $5,000 is correct as applying to conduct after the effective date.

10

VII. Special Condition No. 17. Defense objects to this condition as violating he First

11

Amendment because it prohibits him from reading or even writing materials that describe

12

13

sexually explicit subjects if any probation officer deems the item inappropriate at any time for

14

the rest of his life. As written this condition would permit him to be punished for reading a novel

15

permitted by one probation officer but deemed inappropriate years later by a different probation

16

officer. This condition violates Mr. Cea's 1st Amendment right to write about sexual subjects

17

even to any future intimate partner or wife. Defense requests that the Court create a safe harbor

18

19

in permitting Mr. Cea to read books that are available in his public library, and to create artwork

20

(drawings) for his own artistic use so long as they are available for inspection by U.S. Probation.

21

SUBMITTED: January 13, 2022

22

HEATHER E. WILLIAMS
Federal Defender

23

24

*/s/ Douglas Beevers*
DOUGLAS BEEVERS
Assistant Federal Defender
Attorney for Defendant

25

26

27

28

CEA: Formal Objections                    5